UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE MURPHY,

        Petitioner,

v.                                      Case Number: 09-CV-10714
                                         Honorable Nancy G. Edmunds

KENNETH MCKEE,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING REQUEST TO STAY HABEAS CORPUS PROCEEDINGS,
ADMINISTRATIVELY CLOSING CASE, AND DENYING PETITION TO EXPAND
RECORD AND FOR MISCELLANEOUS RELIEF**

**I. INTRODUCTION**

Petitioner, Jermaine Murphy, a state inmate currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional rights. Petitioner filed the pending petition on February 25, 2009. Respondent filed his response to the petition on September 2, 2009. Rule 5 materials were filed on September 14, 2009.

Pending before the Court is Petitioner's "Petitioner to Expand Record and for Miscellaneous Relief" [dkt. # 5], filed on July 13, 2009. From the pleading filed, it appears that Petitioner is asking the Court for permission to amend his petition or, in the alternative, to stay these proceedings until he has had an opportunity to exhaust his additional claims in state court; ineffective assistance of trial and appellate counsel. For the reasons stated, the Court will stay the petition so that Petitioner may exhaust.

## II.  BACKGROUND

On March 13, 2007, following a bench trial in the Wayne County, Michigan, circuit court, Petitioner was convicted of (1) three counts of assault with intent to do great bodily harm, MICH.COMP.LAWS § 750.84, (2) felon in possession of a firearm, MICH.COMP.LAWS § 750.224f, (3) carrying a concealed weapon, MICH.COMP.LAWS § 750.227, and (4) possession of a firearm during the commission of a felony, MICH.COMP.LAWS § 750.227b. Subsequently, he was sentenced, as a habitual offender, fourth, to (1) six to twenty-five years in prison for each of the assault convictions, (2) six to twenty-five years in prison for the felon-in-possession conviction, (3) six to twenty-five years in prison for the carrying-a-concealed-weapon conviction, and (4) the mandatory two years in prison for the felon-firearm conviction.

Thereafter, Petitioner filed his appeal of right with the Michigan Court of Appeals, raising the following claims:

> I.  The evidence of assault with intent to commit great bodily harm less than murder was insufficient and the trial court failed to find Petitioner guilty beyond a reasonable doubt pertaining to the elements necessary for a conviction.
>
> II.  The prosecution engaged in prosecutorial misconduct, where he improperly impeached Petitioner with prior convictions without laying a proper foundation, and by introducing evidence that Petitioner had used several aliases in the past.

On April 15, 2008, the Michigan Court of Appeals affirmed his convictions. *People v. Murphy*, No. 277104, 2008 WL 1733384 (Mich.Ct.App. Apr. 15, 2008). Petitioner then

filed an application for leave to appeal that decision in the Michigan Supreme Court, raising the same claims. The Michigan Supreme Court denied the application on September 9, 2008. *People v. Murphy*, 482 Mich. 974, 754 N.W.2d 888 (2008).

Petitioner neither filed a writ of certiorari in the United States Supreme Court nor did he file any post conviction motions in state court. Rather, he filed this habeas petition, raising the same claims as raised in both state appellate courts.

### III.  DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas-corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden to show that state court remedies have been

3

exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he must show cause: (1) for failing to raise his unexhausted claims on his delayed application for leave to appeal to the Michigan Court of Appeals and (2) prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he must make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals advises that it is preferable for a district court to hold further proceedings on a habeas-corpus petition in abeyance pending exhaustion, rather than dismiss the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

The Court finds it is appropriate to enter a stay to allow Petitioner to present his unexhausted claims to the state courts, and return to federal court on a perfected petition.

*See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Stay and abeyance is only appropriate when a district court determines that the petitioner shows good cause for the failure to first exhaust in state courts, the unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 277.

Petitioner shows the need for a stay. It appears that Petitioner's claims of ineffective assistance of trial and appellate counsel are the "good cause[s]" for failing to exhaust. Therefore, Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide whether those claims have merit; the Court finds that Petitioner would be better served if he perfected his petition through all avenues, before seeking this Court's assistance.

Additionally, the claim of ineffective assistance of trial counsel that Petitioner seeks to exhaust in the state courts does not appear to be "plainly meritless." Further, Petitioner will assert that he did not previously raise that claim in the state courts due to the ineffective assistance of appellate counsel. Finally, there is no indication of intentional delay by Petitioner.

The Court recognizes that the one-year limitations period applicable to this habeas action may pose a problem for Petitioner if this Court were to dismiss the petition to allow for further exhaustion. *See* 28 U.S.C. § 2244(d)(1). The Court therefore concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims and will hold the petition in abeyance until Petitioner has exhausted his state-court remedies. *See Palmer*, 276 F.3d at 781. To ensure that Petitioner does not delay in exhausting those remedies, the Court will impose upon him time limits within which he must proceed. *Id.*

**IV.**

Accordingly, **IT IS ORDERED** that further proceedings are held in abeyance pending exhaustion of state-court remedies. The case will be held in abeyance, provided that (i) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting his state-court remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**IT IS FURTHER ORDERED** that Petitioner's request to amend his petition at this time is **DENIED**. (Dkt. # 5.)

    s/Nancy G. Edmunds
    Nancy G. Edmunds
    United States District Judge

Dated: January 14, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 14, 2010, by electronic and/or ordinary mail.

    s/Carol A. Hemeyer
    Case Manager