UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE MURPHY,

    Petitioner,

v.                                           Civil Action No. 2:09-CV-10714
                                           Honorable Nancy G. Edmunds

KENNETH MCKEE,

    Respondent.
_____/

**OPINION AND ORDER (1) GRANTING MOTION TO
LIFT STAY, REOPEN HABEAS PROCEEDINGS, AND AMEND PETITION FOR WRIT
OF HABEAS CORPUS, (2) ORDERING SERVICE OF THE AMENDED PETITION,
AND (3) DIRECTING RESPONDENT TO FILE RESPONSIVE MATERIALS**

This 28 U.S.C. § 2254 matter is before the Court because Michigan prisoner Jermaine Murphy filed an "Amended/Supplemental [Petition] for Writ of Habeas Corpus." ECF No. 17.  Murphy is incarcerated by the Michigan Department of Corrections, currently housed at the Pugsley Correctional Facility in Kingsley, Michigan, where he is serving concurrent prison terms of (1) six to twenty-five years, each, for three counts of assault with intent to do great bodily harm, (2) six to twenty-five years for one count of felon in possession, (3) six to twenty-five years for one count of carrying a concealed weapon, and (4) a mandatory two-year prison term for one count of felony firearm.  His convictions occurred on March 13, 2007, following a bench trial in the Circuit Court in Wayne County, Michigan.  Both state appellate courts affirmed his convictions and sentences.  *People v. Murphy*, No. 277104, 2008 WL 1733384 (Mich. Ct. App. Apr. 15, 2008); *People v. Murphy*, 482 Mich. 974, 754 N.W.2d 888 (2008).

Murphy filed his original Habeas Petition on February 25, 2009, asserting that he is incarcerated in violation of his constitutional rights because there was insufficient evidence presented to support his convictions and the prosecutor improperly impeached him with respect to his prior convictions. Subsequently, on July 13, 2009, he filed a "Petition to Expand Record and for Miscellaneous Relief," *see* Pet'r's Pet. to Expand R., ECF No. 5, which the Court construed as a Motion to Stay these habeas proceedings and granted the request. *Murphy v. McKee*, No. 09-CV-10714, 2010 WL 199989 (E.D. Mich. Jan. 14, 2010). Murphy requested a stay so that he could return to the state courts to exhaust additional claims with respect to the effectiveness of both his trial and appellate counsel. In its Order, the Court also directed that the Habeas Petition would be stayed provided that Murphy: (i) presented his claims to the state court within sixty days of the Court's Order staying the Petition; and (ii) asked the Court to lift the stay within sixty days of exhausting his state-court remedies. *Id.* at *3.

The Court finds that Murphy has complied with its Order; his case is now ripe for consideration. Murphy has exhausted his state-court remedies through collateral review in state court regarding his ineffective-assistance-of-trial-and-appellate-counsel claims. He filed a Motion for Relief for Judgment, pursuant to Michigan's court rule 6.500, which the state trial court denied on April 20, 2011. *People v. Murphy*, No. 06-013886-01 (Wayne Cnty. 3rd Cir. Ct. Crim. Div. Apr. 20, 2011). He then filed a Delayed Application for Leave to Appeal the denial of his Motion for Relief from Judgment with the Michigan Court of Appeals, which was denied on December 27, 2011. *People v. Murphy*, No. 306061 (Mich. Ct. App. Dec. 27, 2011). His Application for Leave to Appeal that decision was denied by the Michigan Supreme Court on September 4, 2012. *People v. Murphy*, 492 Mich. 865,

819 N.W.2d 869 (2012). Because Murphy timely returned to this Court asking for the stay to be lifted and the case to be reopened, the Court will grant his request, lift the stay, and deem the Amended Petition filed. "Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner." *See Bennett v. Howes*, No. 2:06-CV-13730, 2011 WL 718589 (E.D. Mich. Feb. 22, 2011) (citation omitted).

The Court also orders that the Clerk of the Court serve a copy of the Amended Petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail, as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943 (E.D. Mich. Aug. 2, 2005).

The Court further orders Respondent to file a Supplemental Response to the Amended Petition within sixty days from the date of this Order. This Court has the discretion under the rules governing responses in habeas-corpus cases to set a deadline for a response to a petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

Respondent is also directed to provide this Court with any additional Rule 5 materials at the time that he files his Answer. The habeas-corpus rules require that the respondents attach the relevant portions of the transcripts of the state-court proceedings, if available, and the court may also order, on its own motion, or upon a petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Finally, the Court will afford Murphy forty-five days from the receipt of Respondent's Answer to file a Reply Brief, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the

respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes*, No. 04-CV-73293-DT, 2005 WL 1838443, *4 (E.D. Mich. Aug. 1, 2005).

For the reasons states, it is ORDERED as follows:

(1) Murphy's "Amended/Supplemental [Petition] for Writ of Habeas Corpus" [ECF No. 17] is construed as a Motion to Lift the Stay, which the Court grants. The Amended Petition is deemed as filed.

(2) The Clerk of Court is directed to administratively reopen this matter and serve a copy of the Amended Petition, and a copy of this Order, on Respondent and the Attorney General by first class mail.

(3) Respondent may file a Supplemental Answer to the allegations in the Amended Petition, and any additional Rule 5 materials, in accordance with Rule 5, Rules Governing Section 2254 Cases, within sixty days from the date of this Order.

(4) Murphy shall have forty-five days from the date that he receives the Answer to file a Reply Brief.

SO ORDERED.

                                   s/Nancy G. Edmunds
                                   Nancy G. Edmunds
                                   United States District Judge

Dated: November 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 29, 2012, by electronic and/or ordinary mail.

                                   s/Carol A. Hemeyer
                                   Case Manager