# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JERMAINE MURPHY,

      Petitioner,                           Civil No. 2:09-CV-10714
                                              HONORABLE NANCY G. EDMUNDS
v.                                        UNITED STATES DISTRICT JUDGE

KENNETH MCGEE,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Jermaine Murphy, ("Petitioner"), confined at the Ojibway Correctional Facility in Marenisco, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for three counts of assault with intent to do great bodily harm, M.C.L.A. 750.84; felon in possession a firearm, M.C.L.A. 750.224f; carrying a concealed weapon, M.C.L.A. 750.227; and possession of a firearm during the commission of a felony (felony-firearm), M.C.L.A. 750.227b. Petitioner was sentenced as a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons that follow, the petition for writ of habeas corpus is **DENIED**.

## I. Background

Petitioner was originally charged with three counts of assault with intent to commit murder and several firearms offenses in which he was accused of shooting and intending to kill Anthony Green, Thomas Gaines, and Denise Grant. Petitioner was convicted of the lesser included offenses of assault with intent to do great bodily harm and guilty as charged

of the firearms offenses following a bench trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant argued twice with Green outside the C-Note Lounge, where Green was collecting entrance fees. Defendant was irate because he wanted to use the restroom, but Green would not permit defendant to enter without paying the fee. Following defendant's second argument with Green, Gaines, Grant, and Green saw defendant pull a gun from his left side. Although Grant and Green only heard the subsequent shots, Gaines testified that he saw defendant shoot. Defendant's shots missed Green, who ran inside the lounge, but hit Gaines and Grant. Before leaving in an ambulance, Grant told Officer James McDonald that defendant shot her.
> *******************************************************************************
> [Defendant] argued with Green regarding the entrance fee on his first visit to the bar. At that time, defendant was unarmed. When defendant left the bar, he was angry. Fifteen minutes later, defendant returned, armed with a gun. Defendant argued with Green again, threatened him, stating, ". . . I just show you you ain't tough," and pointed the gun at him. Defendant fired multiple shots in Green's direction as Green ran away. After a brief lull in the shooting, defendant fired more shots toward the bar, where Green had retreated.

> *People v. Murphy,* No. 277104, pp. 1-2 (Mich.Ct.App. April 15, 2008).

Petitioner's conviction was affirmed on appeal. *Id.; lv. den.* 482 Mich. 974, 754 N.W.2d 888 (2008).

Petitioner then filed a petition for writ of habeas corpus, which was held in abeyance so that petitioner could return to the state courts to exhaust additional claims. *Murphy v. McKee*, No. 2:09-10714; 2010 WL 199989 (E.D. Mich. January 14, 2010).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.*, which was denied by the trial court. *People v. Murphy*; No. 06-013886-01 (Third Judicial Circuit Court, April 20, 2011). The Michigan appellate courts

2

denied petitioner leave to appeal. *People v. Murphy*, No. 306061 (Mich.Ct.App. December 27, 2011); *lv. den.* 492 Mich. 865, 819 N.W. 2d 869 (2012).

On November 29, 2012, this Court lifted the stay and reactivated the habeas petition to the Court's active docket. *Murphy v. McKee*, No. 2:09-10714; 2012 WL 5990126 (E.D.Mich. November 29, 2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The evidence of assault with intent to commit great bodily harm less than murder was insufficient and the trial court failed to find, (sic) Petitioner guilty beyond a reasonable doubt pertaining to the elements necessary for a conviction.

II. The prosecutor engaged in prosecutorial misconduct, where he improperly impeached petitioner with prior convictions without laying a proper foundation, and by introducing evidence that petitioner had used several aliases in the past.

III.  Counsel was constitutional (sic) ineffective in several aspects. (A) Counsel was constitutionally ineffective for admitting that petitioner Murphy was indeed the shooter but wasn't trying to kill anybody and begged the court to find petitioner Murphy guilty of bodily harm less than murder, without authorization from the petitioner Murphy since this admission undermined (sic) the primary defense and was contrary to petitioner Murphy's own testimony. (B) Counsel was constitutionally ineffective for failing to investigate and the potentially exculpatory bullet shell casings analyzed for fingerprints to help prove (sic) that petitioner Murphy was not the shooter consistent with the defense theory.

IV. Petitioner Murphy was deprived of his constitutional right to the effective assistance of appellate counsel, due [to] counsel's omission of several significant, strong, and obvious issues on direct appeal, which are now being raised.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody

3

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

4

correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

   "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979)(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law

5

beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87. Finally, in reviewing petitioner's claims, this Court must remember that under the federal constitution, petitioner was "entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

### III. Discussion

### A. Claim # I. The sufficiency of the evidence claim.

Petitioner first contends that the evidence was insufficient to support a finding of guilty beyond a reasonable doubt that petitioner was responsible for the shooting. Petitioner further claims that the doctrine of "transferred intent" is inapplicable to the facts of his case.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original). The *Jackson* standard applies to bench trials, as well as to jury trials. *See e.g. U.S. v. Bronzino*, 598 F. 3d 276, 278 (6th Cir. 2010).

6

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F. 2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F. 3d 780, 788 (6th Cir.2003); *See also Butzman v. U.S.*, 205 F. 2d 343, 349 (6th Cir. 1953)(in a bench trial, credibility of witnesses is a question for trial judge). The Court does not apply the reasonable doubt standard when determining the sufficiency of evidence on habeas review. *Walker v. Russell*, 57 F. 3d 472, 475 (6th Cir. 1995).

Petitioner first contends that there was insufficient evidence presented to establish that he was the shooter.

In the present case, Grant unequivocally identified petitioner at trial as being the shooter. Gaines also testified that she saw petitioner point a gun at Green and shoot it. This evidence was sufficient to support petitioner's convictions for assault with intent to do great bodily harm against Gains, Green, and Grant. *See Brown v. Burt*, 65 Fed.Appx. 939, 944 (6th Cir. 2003). The Court notes that "the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction." *Brown v. Davis*, 752 F. 2d 1142, 1144 (6th Cir. 1985)(internal citations omitted). In the present case, the trial court found that Grant unequivocally identified petitioner at trial as being the person who shot her outside the C-Note Lounge. (Tr. February 21, 2007, p. 112). Grant, who was shot in the neck and paralyzed from the chest down, testified that she saw petitioner pull out a gun during the argument with Green. (*Id.* at 22-27). Grant further testified that when she saw petitioner pull out a handgun, she started running away. She then heard a shot and her legs gave way, causing her to fall to the ground. The gunshot wound left her paralyzed from the chest down. (*Id.* at 26-27). Gaines testified that she saw petitioner point a gun at Green and shoot it. (*Id.* at 47-48). Green's testimony was consistent with Grant and Gaines. Petitioner had the underlying argument with Green. When Green saw petitioner pull the gun from his waist band, Green ran back into the club. (*Id.* at 38-40). Further testimony by Green reflects that petitioner shot four times, paused and then shot three more times. The man with petitioner did not have a gun. *Id.* This evidence was sufficient to support a finding that petitioner was the perpetrator of the assaults.

To the extent that petitioner challenges the credibility of the victims, he would not be entitled to habeas relief. Attacks on witness credibility are simply challenges to the quality

8

of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell*, 280 F. 3d 594, 618 (6th Cir. 2002).  An assessment of the credibility of witnesses is therefore generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000).  The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*  Moreover, when evidence in a bench trial "consists largely of contradictory oral evidence, due regard must be accorded the trial court's opportunity to judge the credibility of witnesses." *Bryan v. Government of Virgin Islands*, 150 F. Supp. 2d 821, 827 (D. Virgin Islands 2001).  In this case, the trial court judge chose to credit the victims' testimony and not to believe petitioner's version of events. (Tr. February 21, 2007, p. 112). This Court must defer to the trial court's finding beyond a reasonable doubt that the Grant's testimony was credible and that Green and Gaines provided consistent testimony that petitioner was the shooter. *Government of Virgin Islands*, 150 F. Supp. 2d  at 828.

Petitioner further contends that there was insufficient evidence presented to prove that he intended to do great bodily harm to Green.

Under Michigan law, the elements of assault with intent to do great bodily harm less than murder are: (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder. *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing *People v. Mitchell*, 149 Mich. App. 36, 38; 385 N.W. 2d 717 (1986)).  The term "intent to do great bodily harm less than murder" has been defined as an intent to do serious injury of an aggravated nature. *People v. Mitchell*, 149 Mich. App. at 39.

In rejecting petitioner's claim, the Michigan Court of Appeals noted that:

9

Defendant demonstrated intent to do serious injury of an aggravated nature against Green. He argued with Green regarding the entrance fee on his first visit to the bar. At that time, defendant was unarmed. When defendant left the bar, he was angry. Fifteen minutes later, defendant returned, armed with a gun. Defendant argued with Green again, threatened him, stating, ". . . I just show you you ain't tough," and pointed the gun at him. Defendant fired multiple shots in Green's direction as Green ran away. After a brief lull in the shooting, defendant fired more shots toward the bar, where Green had retreated. Consequently, we conclude that there was sufficient evidence for a trier of fact to infer beyond a reasonable doubt that defendant intended to do great bodily harm against Green.

*Murphy,* Slip. Op., p. 2 (internal citations omitted).

In the present case, petitioner got into an altercation with Green and angrily left the bar. Petitioner returned with a gun and shot multiple gunshots in two separate volleys at Green. This evidence was sufficient for a rational trier of fact to conclude that petitioner intended to do great bodily harm to Green. *See e.g. People v. Parcha,* 227 Mich. App. 236, 239; 575 N.W. 2d 316 (1997).

Petitioner further contends that there was insufficient evidence presented to establish that he intended to do great bodily harm to either Gaines and Grant, so as to support his assault convictions with respect to those two victims.

The Michigan Court of Appeals rejected petitioner's claim, on the ground that under the doctrine of transferred intent, petitioner could be guilty of intending to do great bodily harm to these victims:

Under the doctrine of transferred intent, "'[i]t is only necessary that the state of mind exist, not that it be directed at a particular person.'" *People v. Lawton*, 196 Mich. App 341, 351; 492 NW2d 810 (1992), citing *People v. Lovett*, 90 Mich.App 169, 172; 283 NW 2d 357 (1979). In this case, defendant possessed the requisite intent to assault Green with the object of doing great bodily harm less than murder. Moreover, Gaines and Grant were present in the immediate area outside the lounge when defendant fired multiple shots at Green. Gaines and Grant suffered gunshot wounds from these errant shots. Therefore, under the doctrine of transferred intent, a reasonable trier of fact

10

could find defendant guilty beyond a reasonable doubt of assault with intent to do great bodily harm against Gaines and Grant.

*Murphy,* Slip. Op., p. 2.

The Michigan Court of Appeals in viewing the evidence in the light most favorable to the prosecution found that the circumstances leading up to the shooting clearly indicate that petitioner intended to harm if not kill Mr. Green.  Not only did petitioner have words with Green, petitioner left the bar and returned fifteen minutes later with a gun, pointed the gun at Green and said, "I just show you you ain't tough," after which petitioner began shooting multiple shots in Green's direction as Green ran toward the bar.  After a brief lull in the shooting, petitioner fired more shots in the direction of the bar inflicting gun shot wounds upon Gaines and Grant, who were both standing outside.

Not only was there sufficient evidence for a trier of fact to infer beyond a reasonable doubt that defendant intended to do great bodily harm against Green, there was also sufficient evidence to find that through petitioner's actions, the doctrine of transferred intent can be applied to find sufficient evidence existed to support a conviction of assault to do great bodily harm against Gaines and Grant who were hit by stray bullets when multiple shots were fired at Green, who retreated into the bar.  Petitioner then fired off a second round of shots towards the bar, where Green had sought refuge.

Because there was sufficient evidence to convict petitioner of assault to do great bodily harm under a theory of transferred intent, the Michigan Court of Appeals' rejection of petitioner's sufficiency of evidence claim was not an unreasonable application of *Jackson. See Grandison v. Corcoran*, 78 F. Supp. 2d 499, 516 (D. Md. 2000).  Petitioner is not entitled to habeas relief on his first claim.

11

### B.  Claim # 2.  The prosecutorial misconduct claim.

Petitioner next alleges that the prosecutor committed misconduct by improperly impeaching petitioner with his prior convictions without laying a proper foundation and by introducing evidence that petitioner had used several aliases in the past.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)).  Indeed, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" *Slagle v. Bagley*, 457 F.3d 501, 516 (6th Cir. 2006)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974)).

Initially, this Court notes that petitioner was convicted at a bench trial.  Assuming that the prosecutor's questions were improper, petitioner is unable to show how these questions would have prejudiced him in a bench trial, where showing prejudice is more difficult. *Hargrave-Thomas v. Yukins*, 236 F. Supp. 2d 750, 778 (E.D. Mich. 2002); *rev'd on other grds*, 374 F. 3d 383 (6th Cir. 2004).  As a judge presiding over a bench trial, Judge Ryan is presumed to have known the law and to have applied it in making his decision. *Id.* at 779.  The prosecutor's questions did not rise to the level of constitutionally impermissible misconduct warranting habeas relief, because the questions were isolated and would not likely have prejudiced a trial judge in a bench trial. *Matthews v. Abramajtys*, 92 F. Supp. 2d 615, 642 (E.D. Mich. 2000); *rev'd in part on other grds*, 319 F. 3d 780 (6th Cir. 2003).  A review of the trial court's findings of fact (T. February 21, 2007, pp. 112-113) does not show that the trial court judge relied on these questions in reaching his decision.

12

Accordingly, petitioner has not shown that these questions rendered his trial fundamentally unfair. *Id.*

Here, petitioner asserts that the prosecutor committed misconduct that denied him a fair trial when he asked petitioner on cross-examination during the bench trial whether he had "[e]ver been convicted of a crime involving theft or dishonesty, lying or stealing?" to which petitioner answered "yes." (Tr. February 21, 2007, p. 96.) The exchange was brief and did not draw an objection from trial counsel. The basis for this claim was that only certain types of felony convictions under M.R.E. 609 may be admissible for impeachment purposes, such as crimes of dishonesty or lying which are generally admissible under M.R.E. 609, while crimes of theft are admissible in the discretion of the trial court subject to a balancing test. Being that the prosecutor asked about all the categories of impeachable crimes without distinguishing between them, petitioner argues that he was denied his right to a fair trial when the prosecutor's question violated M.R.E. 609 in part.

Although petitioner has framed his improper impeachment claim as a prosecutorial-misconduct challenge, "it amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." *Webb v. Mitchell*, 586 F. 3d 383, 397 (6th Cir. 2009). "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." *Cristini v. McGee*, 526 F.3d 888, 900 (6th Cir. 2008). Moreover, it is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Errors in the application of state law, especially rulings regarding

13

the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker*, 224 F. 3d 542, 552 (6th Cir. 2000). Petitioner's claim that the prosecutor improperly impeached him with his prior convictions is therefore not cognizable in a federal habeas corpus proceeding. *See Roland v. Mintzes*, 554 F. Supp. 881, 890 (E.D. Mich. 1983).

Petitioner also alleges that the prosecutor committed misconduct by introducing evidence pertaining to the use of aliases, that had no relationship to the crimes charged, during cross-examination.

Petitioner testified that an individual by the name of Perry accompanied him to the bar and that Perry was the shooter. Since petitioner's credibility was at issue, questions pertaining to the use of six aliases were relevant for purposes of impeachment. Because any references to petitioner's aliases was proper and did not necessarily mislead or prejudice the judge, the prosecutor did not commit misconduct by questioning petitioner about the use of six aliases. *See Gillard v. Mitchell*, 445 F.3d 883, 897 (6th Cir. 2006). Moreover, in light of the overwhelming evidence of guilt, the prosecutor's references to petitioner's aliases did not have a substantial or injurious influence on the verdict, so as to entitle petitioner to relief. *Id*. at 898.

The Michigan Court of Appeals in this case held that because petitioner had testified that someone else was the shooter, his credibility was at issue, thus petitioner was not denied a fair trial by the introduction of the use of his past aliases. *Murphy*, Slip Op., p. 4. Petitioner is not entitled to relief on his second claim.

### C. Claims ## 3 and 4. Petitioner's remaining claims are procedurally defaulted or without merit.

14

Respondent contends that petitioner's remaining claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(i).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering

15

a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

In the present case, the Wayne County Circuit Court judge rejected petitioner's third and fourth claims, on the grounds that petitioner had failed to establish good cause for failing to raise these issues on his direct appeal or actual prejudice, as required by M.C.R. 6.508(D)(3). *People v. Murphy*, No. 06-013886-01, p. 6 (Wayne County Circuit Court, April 20, 2011). Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's post-conviction claims

16

are clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson*, 509 F. 3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard*, 405 F. 3d 459, 477 (6th Cir. 2005). The fact that the trial court may have also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Petitioner's remaining claims are procedurally defaulted.[1]

With respect to his post-conviction claims, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.
>
> *Id.* at 463 U.S. at 754.

---

[1]Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F. 3d at 291; *Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004). However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

Notwithstanding Barnes, it is still possible to bring a *Strickland [v. Washington]* claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent.

*Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F. 3d 568, 579 (6th Cir. 2002).  Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his third claim.  Appellate counsel filed a nineteen page brief on appeal which raised the first and second claims

18

raised by petitioner in his habeas application.[2]  Petitioner has not shown that appellate counsel's strategy in presenting such claims and not raising other claims was deficient or unreasonable.  Moreover, for the reasons stated by the Wayne County Circuit Court in its opinion and order denying post-conviction relief, *Murphy*, No. 06-013886-01, Slip. Op., pp. 4-6, and by the Assistant Michigan Attorney General in the answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners."  Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise his third claim on direct review. *See McMeans v. Brigano*, 228 F. 3d 674, 682-83 (6th Cir. 2000).

Moreover, because the post-conviction claim lacks merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

In the present case, because petitioner has not demonstrated any cause for the procedural default of his third claim, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533; *Rowls v. Jamrog*, 193 F. Supp. 2d 1016, 1026 (E.D. Mich. 2002).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claims as a ground for a writ of habeas corpus in spite of the procedural default.  Petitioner's sufficiency of evidence claim (Claim # 1) is insufficient to invoke the actual innocence doctrine to the

---

[2]  *See* Defendant-Appellant's Brief on Appeal [This Court's Dkt. # 8-6].

19

procedural default rule. *See Malcum v. Burt*, 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review petitioner's defaulted claims on the merits. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 654 (E.D. Mich. 2002).

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee*, 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the Attorney General in the answer and by the Wayne County Circuit Court judge in his opinion denying petitioner's motion, petitioner has failed to show that his post-conviction claims had any merit.  The reasons justifying the denial of the claims that petitioner raised for the first time in his post-conviction motion were "ably articulated by the" Wayne County Circuit Court judge in his opinion denying the motion for relief from judgment, therefore, "the issuance of a full written opinion" by this Court regarding these claims "would be duplicative and serve no useful, jurisprudential purpose." *See Bason v. Yukins*, 328 Fed. Appx. 323, 324 (6th Cir. 2009).  Petitioner's remaining claims are thus barred by procedural default and do not warrant relief.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28

20

U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. *Dell v. Straub,* 194 F. Supp.

21

2d 629, 659 (E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
UNITED STATES DISTRICT COURT

DATED:<u>July 9, 2014</u>